UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

b

| ALA ABDEL JAWAD, *et al.* | CIVIL ACTION NO. 1:19-CV-00169 |
|---|---|
| VERSUS | JUDGE DRELL |
| JAMES BYRON PUGH, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

Before the Court is a Complaint filed by Plaintiff Ala Abdel Jawad, individually and on behalf of A & D Logistics, L.L.C. (Doc. 1). Plaintiff premises federal jurisdiction on diversity of citizenship.

The named defendants are James Byron Pugh ("Pugh"), NFI Interactive Logistics, L.L.C. ("NFI"), and National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union").

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). This duty persists throughout all phases of the litigation, "even after trial and the entry of final judgment." Id. at 506-07.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079

(5th Cir. 2008) (internal citation and quotation omitted).  Further, "when jurisdiction depends on citizenship, citizenship must be *distinctly* and *affirmatively* alleged." Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988).  Diversity of citizenship must exist at the time the action is commenced.  In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.  See Coury v. Prot, 85 F.3d 244, 248–49 (5th Cir. 1996); see also Kinney v. Columbia Sav. & Loan Association, 191 U.S. 78, 81 (1903).

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain.  See Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003).  A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.  See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C., 757 F.3d 481, 483 (5th Cir. 2014).  The citizenship of a general partnership depends on that of all partners.  See International Paper Co. v. Denkmann Associates, 116 F.3d 134, 135, 137 (5th Cir. 1997).  The citizenship of a limited liability company, a limited partnership, or other unincorporated association or entity is determined by the citizenship of all its members.  See Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079-80 (5th Cir. 2008).

Plaintiff alleges that he is a citizen of Louisiana.

Plaintiff further alleges that he is the sole proprietor of A & D Logistics, L.L.C. ("A & D"), a limited liability company that is "domiciled" in Louisiana. (Doc. 1). Plaintiff's allegations as to A & D's citizenship are inadequate. Because A & D is a limited liability company, Plaintiff must allege the identities of all members of A & D and their citizenships.

Plaintiff alleges Defendant Pugh is a citizen of Texas.

Plaintiff alleges Defendant NFI is a "foreign company" with its principal place of business in New Jersey. Again, because NFI is a limited liability company, Plaintiff must allege the identities of all members of NFI and their citizenships.

Plaintiff alleges National Union is a "foreign insurer" with its principal place of business in Pennsylvania. Plaintiff must determine what kind of business entity National Union is (corporation, partnership, or some other type of unincorporated association) and allege its citizenship in accordance with the rules set forth above.

Therefore, the existence of federal jurisdiction is in question.

The Clerk of Court is DIRECTED to serve a copy of this order upon any and all Defendants IMMEDIATELY upon receipt of proof of service or an appearance.

IT IS ORDERED that, not later than <u>21 days</u> from service of this Order on Plaintiff Jawad, Plaintiff SHALL FILE: (1) a Jurisdictional Memorandum setting forth the citizenship of all parties to this lawsuit, specifically including the nature, citizenship, and identity of all parties to this suit; and (2) a motion under for leave to amend the jurisdictional allegations of the Complaint to adequately allege diversity jurisdiction.

IT IS FURTHER ORDERED that all Defendants will be allowed <u>seven days</u> from receipt of Defendants' memoranda regarding jurisdiction to file a response.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 19th day of February, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge